Jonathan Che Gettleman, SBN 243560
Elizabeth Caballero, SBN 240249
CABALLERO & GETTLEMAN, LAW OFFICE INC.
223 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE:  831-515-5228
EMAIL: jonathangettleman@yahoo.com
         cglaw2015@gmail.com

Eric John Nelson, SBN 282020
LAW OFFICE OF ERIC JOHN NELSON
223 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-588-4818
FACSIMILE: 831-515-5185
EMAIL:  enelsonlaw@gmail.com

Diane K. Vaillancourt, SBN 181348
LAW OFFICE OF DIANE K. VAILLANCOURT
849 Almar Avenue, Suite C403
Santa Cruz, CA 95060
TELEPHONE: 831-458-3440
EMAIL: vaillancourt@cruzio.com

*Attorneys for Plaintiffs.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S, a minor, by and through her Guardian ad Litum, Herbert SMITH, successor in interest; W.S, a minor, by and through his Guardian ad Litum, Herbert Smith.<br><br>Plaintiffs,<br>vs.<br><br>COUNTY OF SANTA CRUZ; CALIFORNIA FORENSIC MEDICAL GROUP, INC.; DOES 1-25,<br><br>Defendants. | Case No. 15-cv-03032-PSG<br><br>**UNOPPOSED MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE: REQUESTING 49-DAY EXTENSION OF INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES (CIV. L.R. 16-2(d))—SECOND REQUEST**<br><br>~~PROPOSED~~ ORDER |

**MOTION**

Pursuant to Civ. L. R. 16-2(2), Plaintiffs, by and through their attorneys Jonathan Che Gettleman, Eric John Nelson, Elizabeth Caballero and Diane K. Vaillancourt, hereby move for relief

1.

LAW OFFICES
223 RIVER STREET
SUITE D
SANTA CRUZ, CA
95060

MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE: ~~PROPOSED~~ ORDER
Case No. 15-cv-03032-PSG

from the Case Management Schedule (Doc. 10, Aug. 27, 2015) consisting of a 49-day extension of the Initial Case Management Conference and ADR Deadlines.

## POINTS AND AUTHORITIES

### I. Good Cause Exists to Extend the Case Management Schedule

Good cause exists to extend the Case Management Schedule deadlines: Since Plaintiffs' prior request, lead counsel Jonathan Gettleman has resumed his law practice following a two-month trip out of the country and is prepared to litigate. However, an impediment to meeting the amended case schedule has emerged such that another extension is needed. Plaintiffs now have pending in a California superior court a Petition for Relief from the Tort Claims Act ("TCA") that was hoped to be resolved on June 30, 2015.[1] The hearing on that petition has been continued three times for reasons outside Plaintiffs' control. Most recently, it was set for hearing on September 18, 2015. However, for personal reasons, the judge was unavailable and the matter was reset for October 9, 2015.

Resolution of the state petition is important because, should the state court grant the relief Plaintiffs seek, this would likely foreclose a dispute with the County Defendants over Plaintiffs' compliance with the TCA. The state court judge has stated an inclination to grant Plaintiffs' petition. The state court's grant or denial of the petition will strongly impact the parties' meet and confer over discovery and scheduling matters as well as expectations for ADR proceedings because it will set parameters over what is legitimately in dispute in this case.

### II. The Anticipated State Court Ruling Will Further Resolution of TCA Compliance Issue

Plaintiffs properly filed their Petition for Relief from California's TCA in state court while initiating their Complaint for Damages in federal court. This lawsuit includes causes of action for civil rights violations and also causes of action for state torts. The different claims have, obviously, different statutes of limitation and different procedural requirements. Plaintiffs' initial Complaint

---

[1] *Amanda Sloan et al. v. County of Santa Cruz, California*, Case No. CISCV 181792, Superior Court of California, County of Santa Cruz (filed June 1, 2015).

2.
MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE: ~~PROPOSED~~ ORDER
Case No. 15-cv-03032-PSG

LAW OFFICES
223 RIVER STREET
SUITE D
SANTA CRUZ, CA
95060

was filed in this Court on June 30, 2015—within two years of the alleged injury—to ensure no possible dispute over statute of limitations for civil rights violations. Setting forth the state claims, however, has been complicated by California's stringent TCA procedures.

Plaintiffs are of the understanding that they have complied with the TCA process under circumstances where (1) the claimants are minors (entitling them to relief from California's six-months deadline for initiating a claim); and (2) the accrual date is several months after the injury (May 21, 2014 versus July 17, 2013). A favorable ruling from the state court promises to set the matter of TCA compliance to rest. This issue would not need to be litigated in the federal court proceeding.

Plaintiffs' counsel are of the firm understanding that they were correct to proceed with their petition in the state court.[2] They are also of the firm understanding that they were correct to file their First Amended Complaint, including their state causes of action, in this federal district court. California case law strongly encourages this dual approach. "[W]e perceive no bar to a claimant simultaneously seeking relief under section 946.6 [TCA relief] and filing a complaint alleging compliance with the claims statute. . . ." *Ngo v. County of L.A.,* 207 Cal. App. 3d 946, 952 (1989). "The claimant is therefore not forced to make the agonizing choice between two exclusive remedies." *Rason v. Santa Barbara City Hous. Auth.*, 201 Cal. App. 3d 817 (1988).

### III. The Requested Extension Will Allow Resolution of the State Petition and Facilitate Case Management

Should the state court decide the Petition for Relief in Plaintiffs' favor, that ruling should end any dispute over the question of TCA compliance. By granting plaintiffs' relief, the state court is

---

[2] The federal court lacks jurisdiction to address Plaintiffs' petition for relief from state TCA procedural requirements. See Cal. Gov. Code § 946.6(a) ("The proper court for filing the petition [for relief] is a *superior court* that would be a proper court for the trial of an action on the cause of action to which the claim relates.") (emphasis added); see also, *Hernandez v. McClanahan*, 996 F. Supp. 975, 978 (N.D. Cal. 1998) ("It is a fundamental tenet of federalism that waivers of sovereign immunity must come from the particular governments that will be subject to the resulting liability."); *Luers v. Smith*, 941 F. Supp. 105, 108 (C.D. Cal. 1996). Not being "a superior court," a federal district court lacks jurisdiction to hear such a petition. It is a matter reserved for the state courts. See *Hill v. City of Clovis*, Case No. 1:11-cv-1391 (E.D. Cal., Mar. 9, 2012).

3.

LAW OFFICES
223 RIVER STREET
SUITE D
SANTA CRUZ, CA
95060

MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE: ~~PROPOSED~~ ORDER
Case No. 15-cv-03032-PSG

literally excusing plaintiffs' compliance with the TCA's six-month filing limitation.[3] The entire TCA statute of limitations thus becomes a non-issue. The defendant's ability to demonstrate noncompliance with the TCA six-month statute of limitations is meaningless where noncompliance with that provision has been already been acknowledged and may well be excused in the Superior Court. That process will set the stage for litigation on the merits of Plaintiffs' state claims in this Court. Since no other federal statute of limitations dispute seems likely, the state court's ruling will greatly impact the scope of anticipated discovery. For should that court grant Plaintiffs the relief they seek, the ruling will eliminate the need for Defendants to inquire into threshold matters having nothing to do with this case's merits.

On the other hand, should the state court reject Plaintiffs' petition, that rejection will open up questions of fact concerning claim accrual and other considerations having to do with TCA compliance as opposed to the case's merit. Thus resolution of Plaintiffs' state Petition for Relief will greatly impact the parties' relative assessments of the scope of this litigation. It will impact their plans for discovery and case management.

In addition, resolution of the state Petition will impact the parties' respective assessments of prospects for ADR resolution. Should the state court grant the relief Plaintiffs seek, the chances of their prevailing on the state claims will be enhanced because Plaintiffs will have to prove only negligence. Either way, giving time to eliminate this one major unknown at the outset will conserve the parties' resources by allowing a better blueprint for the litigation. It will also promote judicial economy by facilitating case management.

**IV.  Conclusion and Request**

For these reasons, plaintiffs respectfully ask the Court to order a 49-day extension of all dates listed in the current Case Management Statement. A 49-day extension would allow the state court to resolve Plaintiffs' pending petition. It would give the parties sufficient opportunity to prepare for and

---

[3] It does not affect the federal claims because Plaintiffs filed their Complaint well within two years of the injury and so well within the limitations period

4.

MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE: ~~PROPOSED~~ ORDER
Case No. 15-cv-03032-PSG

LAW OFFICES
223 RIVER STREET
SUITE D
SANTA CRUZ, CA
95060

appear at the initial meet and confer following service of the Summons and Complaint and meet the other concurrently extended deadlines. The initial meet and confer is currently set to take place on October 6, 2015, some days before Plaintiffs plan to serve the Summons and Complaint, given that the hearing on Plaintiffs' petition is now set for October 9, 2015. Obviously, the initial meet and confer cannot proceed absent Defendants' participation.

This request is made in good faith and is not for purposes of delay. All factual representations made herein are supported by the attached Declaration of Jonathan Che Gettleman.

This motion is unopposed as defendants have yet to be served with the Summons and Complaint[4] and so have not made an appearance.

Dated: September 28, 2015         /s/ Diane K. Vaillancourt
                                  Diane K. Vaillancourt
                                  LAW OFFICE OF DIANE K. VAILLANCOURT
                                  Jonathan Che Gettleman
                                  Elizabeth Caballero
                                  CABALLERO & GETTLEMAN, INC.
                                  Eric John Nelson
                                  LAW OFFICES OF ERIC JOHN NELSON
                                  *Attorneys for Plaintiffs*

---

[4] The Complaint in this case was filed June 30, 2015. The deadline for service of the Summons and Complaint is 120-days, i.e., October 28, 2015. Plaintiffs now anticipate serving the Summons and Complaint in early October upon or soon after the state hearing of October 9, 2015.

5.

LAW OFFICES
223 RIVER STREET
SUITE D
SANTA CRUZ, CA
95060

MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE: ~~PROPOSED~~ ORDER
Case No. 15-cv-03032-PSG

**GOOD CAUSE HAVING BEEN SHOWN, IT IS SO ORDERED:**

The Order Setting Initial Case Management Conference and ADR Deadlines is hereby amended as follows:

| \<th colspan="3"\>AMENDED CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| Date | Event | Governing Rule |
| 6/30/2015 | Complaint Filed | |
| 11/24/2015 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference http://www.adr.cand.uscourts.gov<br>(form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(c) & ADR L.R. 3-5(b) |
| 12/8/2015 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 12/15/2015 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 10:00 AM in:<br>Courtroom 5, 4th Floor<br>Robert F. Peckham Federal Building<br>280 South 1st Street<br>San Jose, CA 95113 | Civil L.R . 16-10 |

Dated: September 29, 2015

_____
THE HONORABLE PAUL SINGH GREWAL
UNITED STATES MAGISTRATE JUDGE

1.

MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE: ~~PROPOSED~~ ORDER
Case No. 15-cv-03032-PSG