UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| L.S., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>   Defendants. | Case No. 5:15-cv-03032-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFFS' STATE LAW CLAIMS**<br><br>Re: Dkt. No. 23 |

Plaintiffs L.S. and W.S., two minor children, bring this lawsuit by and through their guardian ad litem Herbert Smith ("Smith") against the County of Santa Cruz ("the County") and the California Forensic Medical Group Inc., ("CFMG") (collectively, "Defendants"), for injuries arising from the suicide of their mother, Amanda Fox Sloan ("Decedent"), who was an inmate in the Santa Cruz County Jail at the time of her death. Plaintiffs assert federal civil rights claims pursuant to 42 U.S.C. § 1983, as well as pendent state law claims for wrongful death, violation of California Civil Code § 52.1, and negligent hiring, retention, training, supervision and discipline.

Presently before the Court is the County's Motion to Dismiss, Or Alternatively, To Stay Plaintiffs' State Law Claims on Abstention Grounds ("Mot.").[1] See Docket Item No. 23. The County urges the Court to abstain from proceeding with Plaintiffs' state law claims pursuant to the Younger[2] and Colorado River[3] abstention doctrines. Having carefully considered the parties'

---

[1] The County brings the instant Motion independently of its co-defendant, CFMG.

[2] Younger v. Harris, 401 U.S. 37 (1971).

[3] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

1
Case No.: 5:15-cv-03032-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFFS' STATE LAW CLAIMS

briefings, as well as the arguments of counsel presented at the hearing on April 14, 2016, the Court finds that abstention is not warranted here. For the reasons set forth below, the County's Motion is DENIED.

I. BACKGROUND

A. Factual Background

Plaintiffs are the minor children of Decedent Amanda Fox Sloan, who committed suicide on July 17, 2013 by hanging herself in her jail cell while she was an inmate at Santa Cruz County Jail. Plaintiffs allege that Decedent's suicide was caused by Defendants' deliberate indifference and failure to provide the necessary custodial, medical and mental health care at the Jail. First Am. Compl. ("FAC") ¶ 8, Dkt. No. 8. Plaintiffs further allege that Defendants engaged in unconstitutional policies, customs and practices concerning treatment of mentally ill and suicidal inmates, which resulted in the wrongful death of their mother. FAC ¶¶ 37-41, 49-50. Defendants deny Plaintiffs' allegations and maintain that the relevant policies and care at the Jail met or exceeded all applicable legal and constitutional standards.

B. Procedural Background and the California Torts Claims Act ("TCA")

Prior to bringing the instant action in federal court, Plaintiffs filed a petition in California superior court on June 2, 2015, seeking relief from the TCA[4] claim presentation requirements. Pl. Opp. to Def. Mot. ("Opp.") at 2, Dkt. No. 24. The TCA provides, in pertinent part, that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented … until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board ...." Cal. Gov't Code § 945.4. If a claim is rejected, the public entity must provide written notice. If notice is provided in accordance with the statute, a plaintiff wishing to file a lawsuit must do so "not later than six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov't Code § 945.6(a)(1); Harvey v. City of Fresno, No. 1:08-CV-

---

[4] The TCA is also referred to in some cases as the California Government Claims Act.

2

Case No.: 5:15-cv-03032-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFFS' STATE LAW CLAIMS

01399-OWWDLB, 2009 WL 3157524, at *9 (E.D. Cal. Sept. 28, 2009).

In seeking relief from the TCA requirements in state court, Plaintiffs alleged they had good cause for filing their claim outside the six-month period and should be permitted to file a late tort claim pursuant to California Government Code § 911.4. Id.  The County opposed the petition, arguing Plaintiffs' state claims were time-barred and, at a minimum, the County should be afforded the opportunity to conduct discovery and challenge Plaintiffs' reliance on the "delayed discovery doctrine." Mot. at 3.  On June 30, 2015, Plaintiffs filed this federal action while their petition for relief was pending in state court.[5] Opp. at 3.  On November 3, 2015, the superior court granted Plaintiffs' petition, and the County appealed the ruling to the Sixth District Court of Appeal in January 2016.[6]

The County now argues this Court should stay Plaintiffs' state claims pending resolution of the issue by Sixth District.[7] Mot. at 4.  Plaintiffs' federal claims against the County would be unaffected by this Motion, as would both the state and federal claims against Defendant CFMG.

## II.  LEGAL STANDARD

### A.  Younger Abstention

Under limited circumstances, district courts may stay a federal proceeding if it would interfere with pending state court proceedings.  In Younger v. Harris, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings, even if all jurisdictional requirements for federal court are met.  401 U.S. at 41.  This doctrine has since been expanded beyond the criminal context to prevent federal courts in "exceptional circumstances" from interfering with certain civil and administrative state proceedings.  Sprint Commc'ns, Inc. v.

---

[5] Plaintiffs represent that filing this action in federal court, despite not yet having been granted relief in state court, was done with the agreement of the County.  Opp. at 3.

[6] Trial Court Case No. CV181792 and Court of Appeal Case No. H043135.

[7] A decision from the Sixth District is anticipated in the coming months, but has not been issued as of the date of this Order.  The status of case is available on the Sixth District's website at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=6&doc_id=2130494&doc_no=H043135

Case No.: 5:15-cv-03032-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFFS' STATE LAW CLAIMS
3

Jacobs, 134 S. Ct. 584, 588 (2013). The Supreme Court explained that the "exceptional circumstances" fitting within the Younger doctrine are limited to three categories of cases: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings "involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. (quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 373 (1989)); ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (clarifying the limited applicability of Younger abstention). Absent such circumstances, the general rule governs and "the pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Sprint, at 588 (quoting Colorado River, 424 U.S. at 817).

If the relevant state action presents one of the three categories of "exceptional circumstances," courts may then look to the additional factors outlined by the Court in Middlesex County Ethics Committee v. Garden State Bar Association and its progeny to determine whether abstention is proper. 457 U.S. 423 (1982). These factors instruct that a federal civil proceeding interferes with a state proceeding in violation of Younger if: (1) the state proceeding is ongoing; (2) the state proceeding implicates important state interests; (3) the plaintiff would not be barred from litigating the federal issues in the state proceeding; and (4) the federal court action would enjoin, or have the practical effect of enjoining, the state proceeding. Id. at 437; Gilbertson v. Albright, 381 F.3d 965, 977-78 (9th Cir. 2004) (en banc); see also Sprint, 134 S. Ct. at 593 187.

**B. Colorado River Abstention**

Similar to Younger, the Colorado River doctrine offers a narrow exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id. at 817. Under Colorado River, considerations of "'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may justify a decision by the district court to stay federal proceedings" pending the resolution of concurrent, parallel state court proceedings on the same matter. Holder v. Holder, 305 F.3d 854, 867 (9th Cir.

Case No.: 5:15-cv-03032-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFFS' STATE LAW CLAIMS

2002) (quoting Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 912 (9th Cir. 1993)).

The threshold question as to the appropriateness of Colorado River abstention is therefore whether there is a parallel state proceeding. "[E]xact parallelism" is not required; "it is enough if the two proceedings are substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989). For abstention to be warranted under this theory, a district court is generally presumed to have "conclude[d] that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues," and the "federal court will have nothing further to do in resolving any substantive part of the case." Moses H. Cone Hospital v. Mercury Constr. Corp., 460 U.S. 1, 28, (1983). But the Supreme Court cautions that "[i]f there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." Id.

When a parallel state proceeding does exist sufficient to potentially merit abstention, Colorado River and its progeny have identified a number of factors to guide courts in deciding whether to actually invoke it, including: (1) whether either court has assumed jurisdiction over any property at issue; (2) possible inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether state or federal law controls; (6) whether the state proceeding is adequate to protect the parties' rights; and (7) whether exercising jurisdiction would promote forum shopping. See Colorado River, 424 U.S. at 818; Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 23-27 (1980); see also Espinoza v. City of Imperial, No. 07CV2218-LAB, 2009 WL 4158378, at *1 (S.D. Cal. Nov. 23, 2009).

**III.  DISCUSSION**

At issue is whether Plaintiffs' state law claims should be stayed in this Court on abstention grounds pending a decision from the Sixth District on the County's appeal. The County argues that there are "ongoing state judicial proceedings" that make a stay appropriate under either the Younger or the Colorado River abstention doctrines. See Mot. at 4-9. Plaintiffs disagree, arguing that the superior court's decision granting relief from the TCA's claim presentation requirement

5

Case No.: 5:15-cv-03032-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFFS' STATE LAW CLAIMS

was an interlocutory order and is therefore not presently appealable. Opp. at 5. Plaintiffs further contend that the petition in superior court was filed solely to obtain permission to include state tort claims in federal litigation, and therefore is not "parallel" to the federal proceeding for abstention purposes. Id. at 5, 14. The Court agrees with Plaintiffs.

### A.   Younger Abstention Is Not Warranted

This case presents none of the three categories of proceedings the Supreme Court has deemed "exceptional" for the purposes of invoking the Younger doctrine. The current proceeding challenging the superior court's grant of relief from the TCA's filing requirement is not a criminal prosecution or civil enforcement action. As to the third category, the Court agrees with Plaintiffs that the petition on appeal does not "go to the core of California's court system" or otherwise uniquely implicate the state court's ability to perform its judicial functions. ReadyLink, 754 F.3d at 759 (holding that "'[c]ore' orders involve the administration of the state judicial process – for example, an appeal bond requirement … a civil contempt order ... or an appointment of a receiver.") (quoting Juidice v. Vail, 430 U.S. 327, 335 (1977)); see Opp. at 12-14.

Rather, this case involves a single discretionary decision by the state court granting Plaintiffs a well-established form of relief from a statutory filing requirement. See Cal. Gov't Code §§ 911.4, 945.4. Accordingly, because this case does not meet Younger's threshold requirements, further consideration of the Middlesex factors is not necessary.[8] See Sprint, 134 S. Ct. at 593 187 (rejecting the Eighth Circuit's interpretation that Younger abstention was warranted whenever the Middlesex conditions are met, explaining that "[d]ivorced from their quasi-criminal context, the three Middlesex conditions would extend Younger to virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest."). The circumstances presented in this case do not merit federal abstention.

---

[8] Even if the Court were to evaluate these factors, proceeding with this action in federal court does not enjoin the state proceeding here. That is, the County may proceed with its appeal in the Sixth District, and the Sixth District may issue a ruling on the jurisdictional or substantive issues raised before it, independent of the action in this Court. In the event that the County is successful, it may then take appropriate action in this case.

### B. Colorado River Abstention Is Not Warranted

The County also contends that if the Court does not grant the motion to stay pursuant to Younger, it should nevertheless abstain from hearing the case under the Colorado River abstention doctrine. See Colorado River, 424 U.S. 800 (1976). The County argues that there are "ongoing state judicial proceedings adjudicating the issue of plaintiff's [sic] alleged compliance with the California Government Claims Act." Mot. at 5. Though largely unaddressed in the Motion itself, the County purportedly suggests that the state and federal proceedings are sufficiently similar to merit abstention because this question of when Plaintiffs' claims accrued "is a highly contested issue in the case," which is "at the very heart of the County's defenses to the state law claims asserted in the present case." Def. Reply in Support of Mot. ("Reply") at 5, Dkt. No. 25. Consequently, the County argues, this Court should stay the federal proceedings as to the state claims potentially impacted by the TCA's claims presentation requirements.

The County's argument is unpersuasive. The "state proceeding" at issue is a petition for relief under California Government Code § 946.6 and the County's appeal from the order granting the petition. As Plaintiffs explain, this relief was "a condition precedent to filing state claims in any forum, federal or state." Opp. at 14. It is not a parallel state action to the federal complaint or a complaint for damages being litigated concurrently in state court. Rather, it is more accurately characterized as a procedural requirement; one which Plaintiffs were obligated to satisfy before they could bring any substantive claims governed by the TCA. The County's argument that the claims filing procedure is jurisdictional and "goes to the very heart of public entity liability" is unconvincing on the question of whether the state proceeding is "substantially similar" to the federal action so as to justify abstention. See Reply at 4. The Court finds that it is not. Because this threshold requirement is not satisfied, further discussion of the individualized Colorado River factors is unnecessary. Abstention is therefore not warranted under Colorado River or its progeny.

## IV. CONCLUSION

Abstention is an "extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 728 (1996). Finding no basis to abstain from exercising jurisdiction over the present action pursuant to Younger or Colorado River, Defendant County's Motion to Dismiss, Or Alternatively, To Stay Plaintiffs' State Law Claims on Abstention Grounds is DENIED.

**IT IS SO ORDERED.**

Dated: May 26, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-03032-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PLAINTIFFS' STATE LAW CLAIMS